IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

SARAH KIRKPATRICK,

               Plaintiff,

   v.

DRYDEN REICHMUTH; BENTON
COUNTY SWAT TEAM; BENTON
COUNTY SHERIFF'S DEPARTMENT;
CHRIS DUFFET,

               Defendants.

Civ. No. 6:24-cv-01286-AA

**OPINION & ORDER**

AIKEN, District Judge.

    *Pro Se* Plaintiff Sarah Kirkpatrick, seeks leave to proceed *in forma pauperis* ("IFP") in this action. For the reasons set forth below, Plaintiff's IFP Petition, ECF No. 3, is GRANTED but the Complaint, ECF No.1, is dismissed with leave to amend. The Motion for Appointment of Counsel, ECF No. 4, is DENIED. Plaintiff shall have thirty days from the date of this order in which to file an amended complaint.

## LEGAL STANDARD

    Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees

associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

With regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id*.

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

When assessing an IFP petition, the Court first must determine whether the plaintiff has made a sufficient showing of indigency. Here, Plaintiff states that she is self-employed with a monthly gross income of $3000 but that her expenses match or exceed her income. The Court is satisfied with Plaintiff's showing of indigency and the petition will be GRANTED.

In the Complaint, Plaintiff alleges claims under 42 U.S.C. § 1983 against the Benton County Sheriff's Department, the Benton County SWAT team, and individual officers Dryden Reichmuth and Chris Duffet.[1]

Plaintiff alleges (1) violation of her rights to due process and equal protection under the Fourteenth Amendment; (2) her rights to free speech, assembly, religion, "etc." under the First Amendment; (3) her right to be free from cruel and unusual

---

[1] The caption of the Complaint identifies "Benton County Police Department" as the sole Defendants. In the body of the Complaint Plaintiff has more accurately identified the Defendants listed here. In amending the complaint, Plaintiff should include all parties she intends to name as defendants in the case caption.

punishment under the Eighth Amendment; and (4) her right to be free from unreasonable searches and seizures under the Fourth Amendment.

Plaintiff alleges that the SWAT team and other police officers entered her home on an improper warrant on July 9, 2024. Plaintiff was detained and questioned by the police before being released when it became clear she was not involved in the criminal activity the police were investigating. Plaintiff alleges that police used excessive force in detaining her.

Title 42 U.S.C. § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). To maintain a claim under § 1983, "a plaintiff must both (1) allege the deprivation of a right secured by the federal Constitution or statutory law, and (2) allege that the deprivation was committed by a person acting under color of state law." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006

A claim under § 1983 must be alleged against a "person." *Naffe v. Frey*, 789 F.3d 1030, 1035-36 (9th Cir. 2015). "Persons" under § 1983 "are state and local officials sued in their individual capacities, private individuals and entities which act under color of state law, and/or the local governmental entity itself." *Beardall v. City of Hillsboro*, Case No. 3:19-cv-00489-YY, 2019 WL 1867933, at *1 (D. Or. April 25, 2019). Departments of a county government are not persons within the meaning of § 1983. *Id.* (citing *United States v. Kama*, 394 F.3d 1236, 1239 (9th Cir. 2005)); *see also Mecautea v. Oregon*, Case No. 3:19-cv-01864-MO, 2020 WL 1812012, at *2 (D. Or. April 9, 2020) ("While individual state actors, local government units, or

municipalities can be sued under Section 1983, sheriff or police departments are generally not considered suable entities.").

Here, Plaintiff names the Benton County Sheriff's Department and the Benton County SWAT Team as Defendants. Neither is a person, nor are they the local governmental entity, such as a county or municipal government. In addition, to bring a § 1983 claim against a governmental entity, a plaintiff must allege that the governmental entity had a policy that was the moving force behind the violation of her rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-94 (1978). Here, there is no such allegation in the Complaint. The Court concludes that the Complaint fails to state a claim against either the Sheriffs Department or the SWAT Team.

As to the individual officer Defendants, it is not clear how Duffet and Reichmuth specifically violated Plaintiff's rights. The allegations generally refer to the Benton County SWAT Team and other police officers. The Court infers that Duffet and Reichmuth were police officers involved in the search of Plaintiff's home, perhaps as members of the SWAT Team, but no specific acts of Duffet and Reichmuth are alleged in the Complaint.

As to the remaining claims, there are no allegations describing how Defendants violated Plaintiff's First Amendment rights, particularly those related to assembly or religion. The Court concludes that Plaintiff has failed to state a claim for violation of her First Amendment rights.

In general, the Eighth Amendment prohibition on cruel and unusual punishment applies to those who have been convicted of crimes. *Steffen v. Rowland*,

972 F.2d 1343 (1992). Plaintiff alleges that she was detained and placed in a police car, but later released when the police determined that she was not involved in a crime. There is no allegation that Plaintiff was convicted, or even charged, with a crime. The Court concludes that Plaintiff has failed to state a claim for violation of her Eighth Amendment rights.

The Equal Protection Clause of the Fourteenth Amendment generally requires a showing of discrimination, meaning that the plaintiff was treated differently than another similarly situated person without proper justification for the different treatment. *Steffen*, 972 F.3d at 1343. Here, the Complaint contains no allegations to support such a claim.

The Court concludes that these deficiencies require dismissal of the Complaint without service upon Defendants. Because Plaintiff is pro se, dismissal is with leave to amend and Plaintiff shall have thirty days in which to amend her complaint. In amending her complaint, Plaintiff should bear in mind that in order to state a claim against a governmental entity, she must allege that the entity had a policy that was the moving force behind the violation of her rights. Otherwise, claims brought under § 1983 are ordinarily required to be brought against individual persons. As to the individual Defendants, Plaintiff should allege who they are and what those specific individuals did to violate Plaintiff's rights.

If Plaintiff intends to maintain her claim for violation of her equal protection rights, she should more clearly identify how she was treated differently from a similarly situated individual and the basis, if any, for that different treatment. If

Plaintiff intends to maintain a claim for violation of her First Amendment rights, she should plead facts showing a violation of her First Amendment rights. The facts alleged in the Complaint do not support a claim for violation of Plaintiff's Eighth Amendment rights, but Plaintiff is given leave to replead that claim in her amended complaint if there are facts that would make out such a claim. Plaintiff may also, should she choose, restrict her claims to violations of her Fourth and Fourteenth Amendment rights. Plaintiff shall have thirty days from the date of this Order in which to file her amended complaint.

Finally, the Court denies the Motion for Appointment of Counsel. There is no constitutional right to counsel in a civil case. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986). However, pursuant to § 1915, this Court has discretion to request volunteer counsel for indigent parties in exceptional circumstances. *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990). Here, the Court declines to request volunteer counsel at this time.

**CONCLUSION**

For the reasons set forth above, Plaintiff's IFP petition, ECF No. 3, is GRANTED and the Complaint, ECF No. 1, is DISMISSED without service on Defendant. Dismissal is with leave to amend and Plaintiff shall have thirty (30) days from the date of this Order to file an amended complaint. Plaintiff is advised that failure to file an amended complaint within the allotted time will result in entry of a judgment of dismissal without further notice. Plaintiff's Motion for Appointment of Counsel, ECF No. 4, is DENIED.

It is so ORDERED and DATED this ___13th___ day of August 2024.

    /s/Ann Aiken
ANN AIKEN
United States District Judge