IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| SARAH KIRKPATRICK, | Civ. No. 6:24-cv-01286-AA |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| BENTON COUNTY POLICE DEPARTMENT; BENTON COUNTY SHERIFF'S DEPARTMENT; OFFICER DRYDEN REICHMUTH; DETECTIVE PHELAN; DETECTIVE KANTOLA; LT. DAVID IVERSON; DETECTIVE MASON; SGT. RAYBOULD; JUDGE JOAN DEMAREST, | |
| Defendants. | |

AIKEN, District Judge.

*Pro Se* Plaintiff Sarah Kirkpatrick, seeks leave to proceed *in forma pauperis* ("IFP") in this action. On August 13, 2024, this Court granted Plaintiff's IFP petition but dismissed the original Complaint without service on Defendants for failure to state a claim. ECF No. 6. Plaintiff was given thirty (30) days in which to file an amended complaint. Plaintiff filed the Amended Complaint, ECF No. 7, on September 10, 2025.

## LEGAL STANDARD

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

With regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id*.

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id*.

## DISCUSSION

In the Complaint, Plaintiff brings claims for (1) violation of her Fourth Amendment right against unlawful search and seizure; (2) violation of her Fifth Amendment due process rights; and (3) violation of her Fourteenth Amendment equal protection rights. All claims are brought pursuant to 42 U.S.C. § 1983.

Title 42 U.S.C. § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). To maintain a claim under § 1983, "a plaintiff must both (1) allege the deprivation of a right secured by the federal Constitution or statutory law, and (2) allege that the deprivation was committed by a person acting under color of state law." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

Plaintiff alleges that Benton County law enforcement sought and received a search warrant for the search of Plaintiff's apartment. The warrant was issued by Benton County Circuit Court Judge Joan Demarest, apparently in connection with an investigation into Plaintiff's ex-boyfriend, Stanton Kittel. Plaintiff alleges that she and Mr. Kittel were ordered to exit Plaintiff's apartment by police and were placed in handcuffs. Police searched Plaintiff's apartment and several items belonging to Plaintiff were taken or damaged in the search. Plaintiff was detained by police for over an hour but was released without charges. Mr. Kittel was arrested and taken to jail by the police.

## I.     Fourth Amendment Claim

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV. Here, Plaintiff alleges that police searched her home "without probable cause, resulting in an unlawful search and seizure of property." Am. Compl. 10. However, Plaintiff alleges that the search was conducted pursuant to a warrant, *Id.* at 6, which requires a judicial determination of probable cause. A judge's determination of probable cause to issue a warrant is given "great deference." *United States v. Espinosa*, 827 F.2d 604, 610 (9th Cir. 1987). Plaintiff does not allege how the warrant was defective, other than to suggest that the subject of the investigation, Mr. Kittel, did not live in Plaintiff's home. Am. Compl. 9. There is no requirement that a search warrant be limited to the residence of the target of the investigation. *See United States v. Chavez-Miranda*,

306 F.3d 973, 978 (9th Cir. 2002) (explaining that a search warrant must be supported by probable cause and a "connection between the criminal acts and [the criminal defendant] justified searching that locale."). Here, the allegations of the Amended Complaint make it clear that Mr. Kittel *was* found at Plaintiff's residence, Am. Compl. 6, which suggests that there was a connection between the target of the investigation and the place searched. If Plaintiff intends to allege that the warrant itself was defective, she must allege additional facts to support such a claim.

Elsewhere in the Amended Complaint, Plaintiff alleges that her property was unnecessarily damaged during the search of her home. Am. Compl. 5-6. "It is plain that while the destruction of property in carrying out a search is not favored, it does not necessarily violate the [F]ourth [A]mendment." *United States v. Becker*, 929 F.2d 442, 446 (9th Cir. 1991) (citation omitted). "[O]fficers executing a search warrant occasionally must damage property to perform their duty." *Liston v. Cnty of Riverside*, 120 F.3d 965, 979 (9th Cir. 1997) (internal quotation marks and citation omitted). However, the Ninth Circuit has made clear that "unnecessarily destructive behavior, beyond that necessary to execute a warrant effectively" may sometimes amount to a Fourth Amendment violation. *Id*. As with any Fourth Amendment inquiry, "[t]he test of what is necessary to execute a warrant effectively is reasonableness." *San Jose Chapter of Hells Angels Motorcycle Club v. City of San Jose*, 402 F.3d 962, 971 (9th Cir. 2005) (internal quotation marks and citation omitted).

Here, Plaintiff alleges that her property was unnecessarily damaged in the course of the search. The Court concludes that this appropriately states a claim for purposes of the § 1915 analysis.

## II. Fifth Amendment Claim

Plaintiff's Fifth Amendment claim alleges that "that she was not afforded proper notice, a hearing, or the opportunity to challenge the raid, constituting a violation of her right to due process." Compl. 10. However, Plaintiff alleges that the search was carried out pursuant to a warrant issued by a circuit court judge. Am. Compl. 6. A search warrant is issued by a judge upon a showing of probable cause from law enforcement. *See, e.g. Chavez-Miranda*, 306 F.3d at 978 (describing the probable cause requirements for the issuance of a warrant). There is no requirement that the subject of the search warrant, or the owner of the properly where the warrant is to be executed, be provided with a hearing prior to the issuance or execution of the warrant. Doing so would provide a malefactor with the opportunity to dispose of evidence, thereby negating the very purpose of the warrant.

Plaintiff also alleges that her due process rights were violated when she was detained during the search, which Plaintiff asserts violated the "presumption of innocence." However, the legal presumption of innocence attaches when a person is charged with a crime. *See Herrera v. Collins*, 506 U.S. 390, 398 (1993) ("A person when first charged with a crime is entitled to a presumption of innocence, and may insist that his guilt be established beyond a reasonable doubt."). Here, Plaintiff does not allege that she was charged with any crime and the presumption of innocence

does not prevent arrest or detention by law enforcement. As noted, the presumption attaches to those who have been charged with crimes and, in many cases, those individuals were first arrested by law enforcement. Claims for unlawful arrest are generally cognizable under the Fourth Amendment's prohibitions against unlawful seizure, however it is well established that law enforcement is authorized to detain persons incident to the execution of a search warrant. *Muehler v. Mena*, 544 U.S. 93, 98 (2005).

The Court concludes that Plaintiff has failed to state a claim for violation of her due process rights. However, the Court will permit Plaintiff to amend the complaint, should she wish to assert her claims concerning her detention under the Fourth Amendment.

### III.  Fourteenth Amendment Claim

With respect to her claim for violation of her equal protection rights, Plaintiff alleges that "the actions taken against her were unjustified and discriminatory, violating her right to equal protection under the law." Am. Compl. 10. As the Court explained in its prior order, the Equal Protection Clause of the Fourteenth Amendment generally requires a showing of discrimination, meaning that the plaintiff was treated differently than another similarly situated person without proper justification for the different treatment. *Steffen v. Rowland*, 972 F.2d 1343 (9th Cir. 1992).

Here, neither the original Complaint, nor the Amended Complaint allege discrimination in anything other than the most conclusory fashion, without

supporting facts. This fails to state a claim and Plaintiff's Fourteenth Amendment claim is dismissed. Plaintiff's inability to plead facts in support of this claim despite prior guidance suggests that allowing further amendment of this claim would be futile. This claim will therefore be dismissed without further leave to amend.

### IV.    Claim Against Judge Joan Demarest

Plaintiff's claim against Judge Demarest asserts that Judge Demarest "had a conflict of interest against" Plaintiff, although the conflict of interest is not described. Am. Compl. at 9. Plaintiff alleges "Judge Demarest should not have legally signed the warrant based solely on hearsay and accusations against a person—Mr. Kittel—who did not reside at Plaintiff's address and had never lived there. *Id.*

Absolute judicial immunity bars suits seeking damages for acts committed by a judge within their judicial discretion. *Cleavinger v. Saxner*, 474 U.S. 193, 199 (1985). "This immunity reflects the long-standing general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004) (internal quotation marks and citations omitted). Judicial immunity is an immunity from suit, not just the award of damages. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judicial immunity applies "even when the judge is accused of acting maliciously or corruptly." *Pierson v. Ray*, 386 U.S. 547, 554 (1967).

Here, the allegations against Judge Demarest concern the issuance of a warrant, which is a core judicial function. Although there are vague allegations of a

conflict of interest and Plaintiff plainly disagrees with Judge Demarest's probable cause determination, judicial immunity will bar all claims against Judge Demarest. All claims against Judge Demarest are therefore dismissed with prejudice and without further leave to amend.

## CONCLUSION

For the reasons set forth above, the Court concludes that Plaintiff has stated a Fourth Amendment claim with regard to the damage to her property in the course of the search of her residence. The Court concludes that Plaintiff has failed to otherwise state a claim. Plaintiff's Fifth Amendment claim is DISMISSED with leave to amend to allow Plaintiff to plead additional facts, if she is able, and to replead her claim concerning her detention as a claim brought under the Fourth Amendment. Plaintiff's Fourteenth Amendment claim is DISMISSED without further leave to amend. Plaintiff's claims against Defendant Judge Joan Demarest are DISMISSED with prejudice on the basis of judicial immunity. Plaintiff shall have thirty (30) days in which to file a second amended complaint conforming to this Order.

It is so ORDERED and DATED this ___11th___ day of September 2024.

                                                  /s/Ann Aiken
                                                  ANN AIKEN
                                                  United States District Judge