IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

SARAH KIRKPATRICK,                                    Civ. No. 6:24-cv-01286-AA

                   Plaintiff,                        **OPINION & ORDER**

       v.

BENTON COUNTY POLICE
DEPARTMENT; BENTON COUNTY
SHERIFF'S DEPARTMENT;
OFFICER DRYDEN REICHMUTH;
DETECTIVE PHELAN; DETECTIVE
KANTOLA; LT. DAVID IVERSON;
DETECTIVE MASON; SGT. RAYBOULD,

                 Defendants.

_____

AIKEN, District Judge.

     This case comes before the Court on a Motion for Summary Judgment filed by Defendants. ECF No. 10. Self-represented Plaintiff Sarah Kirkpatrick was issued a Summary Judgment Advice Notice, ECF No. 13, but has not filed a response to the motion. For the reasons set forth below, the Motion is GRANTED.

**LEGAL STANDARD**

     Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, affidavits, and admissions on file, if any, show "that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Substantive law on an issue determines

the materiality of a fact. *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). Whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party determines the authenticity of the dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. *Id.* at 324.

Special rules of construction apply when evaluating a summary judgment motion: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *T.W. Elec.*, 809 F.2d at 630-31.

## BACKGROUND

On July 9, 2024, a Benton County Circuit Court judge issued a search warrant for Plaintiff's apartment, "commanding the officers to search the premises for evidence that Plaintiff's boyfriend, Stanton Kittel, had stolen a firearm and a few other items from an ex-girlfriend several days prior." Raybould Decl. ¶ 4. ECF No. 11.

The same day, Benton County Sheriff's Office ("BCSO") Lieutenant David Iverson, Corvallis Police Department ("CPD") Sergeant Dale Raybould, CPD

Detectives Bryce Phelan, Greg Kantola, and Joel Mason, and CPD Officer Dryden Reichmuth went to Plaintiff's house to execute the search warrant. Raybould Decl. ¶ 3. When the officers arrived, BCSO personnel ordered the occupants of the apartment to come outside, and surrender and Plaintiff and Kittel were taken into custody. *Id.* ¶¶ 5-6. Officers swept the apartment for other occupants and then searched the premises, during which time they took 90 pictures documenting the condition of the apartment. *Id.* ¶¶ 6-7. The officers executed the warrant and seized two pairs of black barber's shears and two cell phones. *Id.* ¶ 8.

## DISCUSSION

Plaintiff in this case is self-represented and proceeding IFP. In the Court's IFP screening order, it dismissed all claims except for Plaintiff's Fourth Amendment claim for damage to her property during the execution of the search warrant. ECF No. 8.[1] Defendants filed their Motion for Summary Judgement, ECF No. 10. Plaintiff was served with a Summary Judgment Advice Notice, ECF No. 13, but has not responded to the motion and the time for doing so has passed. The Court therefore proceeds to consideration of the unanswered motion for summary judgment.

The sole remaining claim, brought pursuant to 42 U.S.C. § 1983, alleges that Defendants violated Plaintiff's Fourth Amendment rights by damaging property during the execution of the search warrant on her home. Am. Comp. at 6.

---

[1] Plaintiff was given thirty days in which to amend her pleadings with respect to some of her other dismissed claims but opted not to do so and no seconded amended complaint has been filed in this case. ECF No. 8.

Title 42 U.S.C. § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). To maintain a claim under § 1983, "a plaintiff must both (1) allege the deprivation of a right secured by the federal Constitution or statutory law, and (2) allege that the deprivation was committed by a person acting under color of state law." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

The Fourth Amendment provides that the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV. "It is plain that while the destruction of property in carrying out a search is not favored, it does not necessarily violate the fourth amendment." *United States v. Becker*, 929 F.2d 442, 446 (9th Cir. 1991). "[O]fficers executing a search warrant occasionally 'must damage property in order to perform their duty.'" *Liston v. Cnty. of Riverside*, 120 F.3d 965, 979 (9th Cir. 1997) (quoting *Dalia v. United States*, 441 U.S. 238, 258 (1979)). Courts have held that "only unnecessarily destructive behavior, beyond that necessary to execute a warrant effectively, violates the Fourth Amendment." *Liston*, 120 F.3d at 979. "The test of what is necessary to 'execute a warrant effectively' is reasonableness." *San Jose Charter of Hells Angels Motorcycle Club v. City of San Jose*, 402 F.3d 962, 971 (9th Cir. 2005).

In this case, Defendants served Plaintiff with interrogatories asking her to "identify each item you claim was damaged by Defendants," to which Plaintiff responded: "There were no significant items damaged during the raid; however the

emotional and psychological impact of the incident is significant." Murphy Decl. Ex. A, at 3.[2]  Plaintiff clarified that the "primary damage is emotional distress from the humiliation of the raid and the subsequent impact on my custody case." *Id.*

By Plaintiff's own admission there was no significant property damage during the execution of the search warrant and Plaintiff has not come forward in response to the Motion for Summary Judgment to challenge Defendants' evidence or to show that *any* property was damaged by Defendants.  The Court concludes that Defendants are entitled to summary judgment on this claim.

## CONCLUSION

For the reasons set forth above, Defendants' Motion for Summary Judgment is GRANTED.  Final judgment shall be entered accordingly.

It is so ORDERED and DATED this ____22nd____ day of January 2026.


 /s/Ann Aiken
ANN AIKEN
United States District Judge

---

[2] In a subsequent response to an interrogatory, Plaintiff added that a guitar, which holds sentimental value, "was taken out of its case [and] a [string] was broke and it was left out."  Murphy Decl. Ex. A, at 3.  However, Defendant Raybould affirms in his Declaration that the guitar was found already out of its case in Plaintiff's bedroom with a broken string.  Raybould Decl. ¶ 9.  This is supported by photographic evidence.  Raybould Decl. Ex. A.  Plaintiff has not responded to this evidence and the Court concludes that it does not constitute a material dispute of fact, especially considering Plaintiff's admissions.  *See Salsbury v. City of Berkeley*, 188 Fed. App'x 613, 615 (9th Cir. 2006) (affirming a grant of summary judgment on a claim for damage to property when the damage in question "was minimal and easily repaired.").